[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In his complaint, the plaintiff Walter Quadrato alleges that on May 5, 1997, his daughter, Sara Quadrato was seriously injured in an auto accident due to the negligent driving of Jacob Reed. It is further alleged that Sara Quadrato died intestate on May 8, 1997, as a result of such injuries. In addition to Reed, the plaintiff seeks damages from Infinity Insurance Company, A-Action Insurance, Alphonse DeLucia, Helga Beaudoin and Gayle DeMatteo.
On April 24, 2000, the defendant Helga Beaudoin filed a motion for summary judgment as to counts fifteen and sixteen of the plaintiff's amended complaint asserting that there are no genuine issues of any material fact. The defendant Beaudoin further asserts that she should be entitled to judgment as a matter of law. Specifically, the defendant claims that "as a matter of law, the defendant did not owe a duty to the plaintiffs, and the defendant is not vicariously liable for the actions of the co-defendant Jacob Reed."
"The standards governing our review of a trial court's decision to CT Page 13961 grant a motion for summary judgment are well established. Practice Book [§ 17-49] . . . provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385, ___ A.2d ___ (2000) . Consequently, "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." Id., 386.[1]
In his complaint, the plaintiff appears to seek recovery from Beaudoin based upon four separate theories. The first is that the defendant Beaudoin was negligent. The second is that Beaudoin negligently entrusted Reed with the household automobile. The third is that the plaintiff seeks damages from Beaudoin under the theory of negligent supervision. Finally, while unclear, the plaintiff appears to seek damages based upon the family car doctrine.[2]
In order to recover under any of those theories, the plaintiff must demonstrate that some sort of relationship existed between Beaudoin and Reed. Specifically, in order to recover under the family car doctrine the plaintiff must offer evidence to prove that Reed falls within the class of persons covered by the statute or that he was a member of the household at the time of the accident.[3] Under the theory of negligent supervision, liability will lie with the parents "if created by statute . . . or by independently negligent behavior on the part of the parents." (Citations omitted.) Kaminski v. Fairfield, 216 Conn. 29, 34, 578 A.2d 1048
(1990) . In order to recover under the theory of negligent entrustment, the plaintiff must offer evidence to prove that Beaudoin was in a position to entrust Reed with the automobile. Similarly, in order to recover under a negligence theory, the plaintiff must offer proof that the defendant Beaudoin owed a duty to the plaintiff. In his opposition to Beaudoin's motion for summary judgment, the plaintiff failed to offer any proof that would present a genuine issue of material fact supporting any of these four theories.
In her motion for summary judgment, the defendant Beaudoin asserts that she owed no duty to the plaintiff. In support of this, the defendant cites Kaminski v. Fairfield, supra, 216 Conn. 33-34 ("absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another") . Furthermore, the defendant asserts that she is not vicariously liable for the conduct of the defendant Reed. CT Page 13962
In support of her assertions, the defendant Beaudoin submitted a sworn affidavit attesting that the defendant Reed did not reside with her or otherwise in her household on May 5, 1997. The defendant Beaudoin also affirmed that she did not have legal custody or guardianship of the defendant Reed. The affidavit additionally states that the automobile driven by the defendant Reed was neither owned by Beaudoin, nor was it a household automobile. Moreover, the defendant Beaudoin did not provide the defendant Reed with such an automobile.
In his objection to the motion for summary judgment, the plaintiff states that the fact that Beaudoin is listed as an insured party under the same policy insuring the automobile driven by Reed, supports an inference that the defendant Reed lived with the defendant Beaudoin. Apart from including copies of the insurance policy, the plaintiff failed to include any evidence supporting the conclusory allegation that Reed resided with Beaudoin or had any type of relationship that may support the plaintiff's position. Additionally, in his opposition to the motion, the plaintiff failed to support any of his arguments with legal authority. The grounds for the plaintiff's opposition, therefore, rest solely on the argument that the court should infer that because Beaudoin is listed as an insured party, Reed must have lived with her. "While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Mountaindale CondominiumAssociation, Inc. v. Zappone, 59 Conn. App. 311, 316 (2000). The court finds that this is not an inference that can be made even viewing the allegations in the light most favorable to the plaintiff.
The plaintiff failed to raise a genuine issue of material fact as to whether a special relationship existed between Beaudoin and the plaintiff so as to warrant denial of this motion.
Accordingly, summary judgment is granted with regard to counts fifteen and sixteen of the Amended Complaint.
 ___________________, J. Chase T. Rogers Superior Court Judge